### A. B. SMITH PIANO CO. v. FIRST TR. & SAV. BK.

Ohio Appeals, 9th Dist., Summit Co.

No. 1396. Decided May 18, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

126. BANKS & BANKING—147. Bills, Notes & Checks.

Plaintiff borrowed money from defendant bank, and gave note secured by notes and other evidence of indebtedness taken from its customers. Bank deducted, from amount collected on collateral, certain percentage of expense of collection. In part of note given by plaintiff relating to collateral, three blanks for insertion of appropriate pronouns were left vacant and were filled in by bank long after execution and delivery of note. **Held**, that under circumstances, there was no material alteration of note, and bank had right to make said collections and deduct therefrom reasonable sum for expense.

Appeal from Common Appeals.

Findings approved.

Chalmers M. Hamill, Akron, for Piano Co.
Slabaugh, Seiberling, Huber & Guinther, Akron, for Bank.

FULL TEXT.

PER CURIAM:

The A. B. Smith Piano Co., a dealer which sold merchandise to be paid for in installments, borrowed money from the defendant bank, gave a note therefor and secured said note by the deposit of notes and other evidence of indebtedness taken from its customers.

The defendant deducted from the amount collected by it on said collateral a certain percentage for expense of collection and gave the plaintiff credit on its note for the balance. The plaintiff claiming that the amount collected, if properly applied on its note, would practically pay the same, tendered the small balance due and brought this suit for an accounting and a rturn of the collateral not yet collected.

The case was submitted in this court on a transcript of the evidence taken in the court below.

In the part of the note given by plaintiff relating to the collateral, three blanks for the insertion of appropriate pronouns were left vacant and were filled in by the bank long after the execution and delivery of the note.

We find that under the circumstances presented by the record there was no material alteration of the note which rendered it invalid, and that the bank had a right to make said collections and deduct therefrom a reasonable sum for the expense of such collection.

It is unnecessary to detail the evidence, which was conflicting, and it is sufficient to say that we agree with the conclusions reached by the trial court, and a decree and judgment may be entered the same as in the court below.

Washburn, PJ., Funk, J., and Pardee, J., concur.